NOTE: This disposition is nonprecedential.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2007-7223

ZANE D. GRAY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Virginia A. Girard-Brady, ABS Legal Advocates, P.A. of Lawrence, Kansas, for claimant-appellant.

Dawn S. Conrad,Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for Respondent-Appellee. With her on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affair, of  Washington, DC.

Appealed from:   United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7223

ZANE D. GRAY,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1923, Judge Mary J. Schoelen.

_____

DECIDED: January 11, 2008

_____

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

PER CURIAM.

Zane D. Gray appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") that denied his application for an increased disability rating for his service-connected bilateral hearing loss. Gray v. Nicholson, No. 04-1923 (Vet. App. Jan. 24, 2007). Because Gray's appeal is not within our jurisdiction, we dismiss.

BACKGROUND

Gray served on active duty in the Army from January 30, 1968 to December 22, 1969. He was awarded service connection for bilateral hearing loss in an October 19, 1992 rating decision, but was given a non-compensable disability rating. On July 13, 2001, he filed a claim seeking a compensable disability rating for his hearing loss. Gray's claim was denied by the Regional Office of the Department of Veterans Affairs ("the DVA") on April 25, 2002. He appealed that decision to the Board on October 28, 2003. In its June 17, 2004, decision, the Board concluded that he was not entitled to a compensable disability rating. He then appealed the Board's decision to the Veterans Court, and, on January 24, 2007, the Veterans Court affirmed the decision of the Board. Final judgment was entered on March 23, 2007. Gray timely appealed to this court.

## DISCUSSION

The DVA has a duty to assist veterans by "mak[ing] reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit." 38 U.S.C. § 5103A(a)(1). "In the case of a claim for disability compensation, the assistance provided . . . shall include providing a medical examination or obtaining a medical opinion when such an examination or opinion is necessary to make a decision on the claim." 38 U.S.C. § 5103A(d)(1).

On appeal, Gray argues that the Veterans Court misinterpreted § 5103A(d)(1) by requiring evidence that his disability "actually worsened" between the time of his prior examination in 2001 and his appeal to the Board before the duty to provide a contemporaneous medical examination would be triggered. He argues that competent lay or medical evidence that suggests a veteran's service connected disability has worsened since the time of the examination being used as the basis of the rating

decision is sufficient to trigger the duty to provide a new examination and that a statement from his wife submitted with his substantive appeal to the Board constituted such evidence. The government responds that Gray's argument misreads the Veterans Court's opinion and that the Veterans Court did apply the legal standard Gray advocates to this court. Thus, the government argues that we are without jurisdiction to hear Gray's claim because it involves application of the law to facts.

We agree with the government that we lack jurisdiction over Gray's appeal. In reviewing decisions of the Veterans Court, we are empowered to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Our review thus includes questions of law, which we review de novo. Bailey v. West, 160 F.3d 1360, 1362 (Fed. Cir. 1998) (en banc). However, except to the extent an appeal presents a Constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. § 7292(d)(2).

The opinion of the Veterans Court states that Gray only needed to provide evidence that "indicate[d]" that there had been a material change in his disability since the time of his prior examination in September 2001. Despite Gray's focus on the court's use of the word "actually" in the opinion, the decision makes clear that it was not necessary for Gray to prove a change in his disability in order to receive an examination. Instead, the court stated that the statement by Gray's wife that his hearing had worsened since the time of his discharge and that he had difficulty hearing even with the use of hearing aids was too vague to indicate an increase in his disability during the relevant timeframe—namely, between his last examination in 2001 and the time of

his Board appeal. This is a disagreement with the application of the law to the facts of Gray's specific case. We thus lack jurisdiction to review the issue Gray appeals to this court, and his appeal is therefore <u>dismissed</u>.